UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIWANDA ROBINSON<br><br>Plaintiff<br><br>Versus<br><br>JOSEPH PETER LOPINTO, III, in his official capacity, as Sheriff of the Jefferson Parish Sheriff's Office, JEFFERSON PARISH SHERIFF'S OFFICE, DAVID LOWE, individually and in his official capacity as an officer/deputy/detective for the Jefferson Parish Sheriff's Office, JASON SPADONI, individually and in his official capacity as an officer/deputy/detective for the Jefferson Parish Sheriff's Office, JUSTIN BRISTER, individually and in his official capacity as an officer/deputy/detective for the Jefferson Parish Sheriff's Office, GARY BORDELON, individually and in his official capacity as an officer/deputy/detective for the Jefferson Parish Sheriff's Office, AND ABC INSURANCE COMPANY<br><br>Defendants | CIVIL ACTION<br><br>NO:<br><br>SECTION: " "<br><br>MAGISTRATE: |

## COMPLAINT FOR WRONGFUL DEATH, SURVIVAL ACTION, BYSTANDER DAMAGES AND DEPRIVATION OF FEDERAL CIVIL RIGHTS

**NOW INTO COURT**, through undersigned counsel, comes petitioner, KIWANDA ROBINSON, a person of full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents that:

1.

Made Defendants herein are:

a. **JOSEPH PETER LOPINTO, III.,** in his official capacity as the sheriff of the Jefferson Parish Sheriff's Office, a person of the full age of majority and a resident and domiciled in Jefferson Parish, State of Louisiana, and all material times herein acting in his capacity as Sheriff in the scope of his employment with the Jefferson Parish Sheriff's Office;

b. **JEFFERSON PARISH SHERIFF'S OFFICE**, a political subdivision of the State of Louisiana, authorized to do and doing business in the State of Louisiana;

c. **DAVID LOWE,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana;

d. **JASON SPADONI,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana;

e. **JUSTIN BRISTER,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana;

f. **GARY BORDELON,** individually and in his official capacity as officer/deputy/detective for the Jefferson Parish Sheriff's Office, a person of full age of majority and a resident of Jefferson Parish, State of Louisiana; and

g. **ABC Insurance Company,** a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana and at all material times herewith the liability insurance carrier of Defendants, Joseph Peter Lopinto, III, in his official capacity as Sheriff of the Jefferson Parish Sheriff's Office, Jefferson Parish Sheriff's Office, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon.

2.

On or about May 10, 2018, Keeven Robinson (hereinafter referred to as "Mr. Robinson") was allegedly the target of the Jefferson Parish Sheriff's Office (hereinafter referred to as "JPSO") who were conducting an undercover investigation wherein Mr. Robinson was accused of being involved in the narcotics trade.

3.

Defendants, David Lowe (hereinafter referred to as "Lowe", Jason Spadoni (hereinafter referred to as "Spadoni"), Justin Brister (hereinafter referred to as "Brister"), and Gary Bordelon (hereinafter referred to as "Bordelon"), attempted to stop Mr. Robinson after he exited the Shell gas station located at the corner of Jefferson Highway and Labarre Place and entered into a vehicle.

4.

As Mr. Robinson exited the parking lot of the Shell gas station and proceeded north bound on Labarre Place, defendants, Lowe, Spadoni, Brister, and Bordelon, attempted to box Mr. Robinson's vehicle in with their unmarked vehicles.

5.

As a result of the actions by defendants, Lowe, Spadoni, Brister, and Bordelon, who were attempting to box Mr. Robinson in, their unmarked vehicles purposefully collided with the vehicle that Mr. Robinson was driving.

6.

Mr. Robinson exited the vehicle he was driving and began to run.

7.

After a brief chase, Mr. Robinson surrendered to defendants, Lowe, Spadoni, Brister, and Bordelon, while in the back yard of a home.

8.

After Mr. Robinson's surrender, defendants, Lowe, Spadoni, Brister, and Bordelon, began to hold Mr. Robinson down on the ground while beating him.

9.

While defendants, Lowe, Spadoni, Brister, and Bordelon, were holding Mr. Robinson down and beating him, he stopped breathing.

10.

Immediately after Mr. Robinson was apprehended and choked to death by the defendants, Ms. Kiwanda Robinson arrived upon the scene.

11.

Ms. Kiwanda Robinson (hereinafter sometimes referred to as "Ms. Robinson") is the mother of the decedent, Mr. Keeven Robinson.

12.

Upon her arrival to the scene, Ms. Kiwanda Robinson witnessed Mr. Robinson lying lifeless on the ground.

13.

Upon her arrival to the seen, Ms. Kiwanda Robinson learned that her son had been beaten and choked to death by the defendants.

14.

Upon seeing her son lying on the ground lifeless and learning that he was not breathing, Ms. Robinson was overcome with severe mental anguish, emotional distress and grief.

15.

Mr. Robinson was transported to Ochsner Medical Center where he could not be revived and was pronounced dead.

16.

The initial findings of the autopsy of Mr. Robinson, which was completed by the Jefferson Parish Corner's Office, revealed significant traumatic injuries to Mr. Robinson's neck including the soft tissue of the neck. Mr. Robinson's death was ruled a homicide by asphyxiation according to the Jefferson Parish Corner's Office.

17.

At all times material herein, the defendant, ABC Insurance Company, whose identity is not yet known to petitioner, had issued a insurance policy to the defendants, Joseph Peter Lopinto, III, in his official capacity as Sheriff of the Jefferson Parish Sheriff Office, the Jefferson Parish Sheriff Office, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon, which was in full force and effect at the time of this incident made subject of this litigation.

18.

All of the Defendants are indebted jointly, severally and *in solido* unto petitioner for the death and injuries of Keeven Robinson.

19.

Petitioner avers that Mr. Robinson struggled to breathe, remained in agony and pain for several minutes before he died as a result of the negligent, vicious, and unreasonable fatal actions of defendants, Lowe, Spadoni, Brister, and Bordelon.

20.

Petitioner further avers that the actions of defendants, Lowe, Spadoni, Brister, and Bordelon, were unreasonable, unnecessary, an excessive use of deadly force, negligent, an exercise of bad judgment, a violation of protocol and procedure, and a violation of Mr. Robinson's 4th

Amendment and 14th Amendment rights under the Constitution of the United States and certain rights under the Louisiana Constitution.

21.

Petitioner now asserts claims against all defendants pursuant to La. C.C. Art. 2315, 2315.1, 2315.2, 2316, 2317, and 2320. Additionally, Petitioner asserts claims under the United States Constitution 4th and 14th Amendments, Louisiana Constitution Article 1 § 2 and 5, and also 42 USC § 1983.

22.

The incident sued upon herein occurred in the Parish of Jefferson and the exclusive territorial jurisdiction of the Jefferson Parish Sheriff's Office.

23.

At all pertinent times material herein, Joseph Peter Lopinto, III. was Sheriff of the JPSO, and defendants, Lowe, Spadoni, Brister, and Bordelon, were employed as full-time officer, deputies, or detectives for the JPSO.

24.

As Sheriff and the responsible decision and policy maker for the JPSO, defendants Lopinto and the JPSO are liable for the actions, omissions, and/or in actions of their employees, and defendants Lopinto and JPSO are vicariously liable for their employees.

25.

Petitioners alleged that defendants Lopinto and JPSO did not properly examine and scrutinize the backgrounds of defendants, Lowe, Spadoni, Brister, and Bordelon, and failed to ensure that these officers/deputies/detectives were properly trained and skilled on the proper use

of force, as well as the use of other techniques, including but not limited to "box" moves or choke holds, as well as having in place a deadly use of force policy.

26.

Petitioner avers that the death of Mr. Robinson was caused by the reckless inadequate or non-existence of policies regarding the use of force and de-escalation and the apparent failure to adopt, promulgate and enforce such policies amounts to the deliberate indifference to the Constitutional Rights of Mr. Robinson.

27.

Petitioner further avers that defendants Lopinto and the JPSO knowingly failed to properly train and supervise defendants, Lowe, Spadoni, Brister, and Bordelon, and continued to allow them to operate without the proper training regarding the use of de-escalation procedures, the appropriate use of deadly force and other policies and procedures.

28.

Petitioner further avers that defendants Lopinto and the JPSO had knowledge that defendants, Lowe, Spadoni, Brister, and/or Bordelon, had prior internal affairs investigations and/or civil suits in reference to their conduct. Furthermore, defendants Lopinto and JPSO allowed these officers to continue in their capacity as officers/deputies/detectives despite having knowledge of these investigations and/or civil suits.

29.

Petitioner avers that defendants, Lowe, Spadoni, Brister, and Bordelon, actions and misconduct were a product of the environment and undertaken pursuant to one or more de facto policies, practices and/or customs of the JPSO and that defendants Lopinto and JPSO are liable for the following wrongful acts and/or omissions, including but not limited to:

a. Failing to properly hire, supervise and train the officers, deputies and/or detectives of the JPSO;

b. Failing to properly train and supervise on approaching and/or apprehending a target, use of force, and de-escalation techniques;

c. Refusing to supervise, reprimand, discipline, transfer, monitor, council and/or otherwise control its officers, deputies, and/or detectives who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force;

d. Failing to retrain and/or otherwise control its officers, deputies and/or detectives who engage in excessive force;

e. Tacitly approving of law enforcement officers using their power and position to interfere with other citizen's rights; and

f. Allowing a policy, practice, and custom which results in common use of excessive force.

30.

Petitioner avers that the actions of defendants, Lowe, Spadoni, Brister, and Bordelon, were so grossly negligent that they knew or should have known that such actions would cause severe emotional and physical harm to Mr. Robinson, and they did in fact cause Mr. Robinson to struggle for his life fearing that defendants, Lowe, Spadoni, Brister, and Bordelon, would kill him.

31.

Petitioner avers that defendants, Lowe, Spadoni, Brister, and Bordelon, were acting under color of state law as Peace officers, agents, and employees of defendants Lopinto and JPSO, and

under supervision of Lopinto, and were in the course and scope of their employment when defendants, Lowe, Spadoni, Brister, and Bordelon, killed Mr. Robinson.

32.

Petitioner avers that the beating and choking of Mr. Robinson by defendants, Lowe, Spadoni, Brister, and/or Bordelon, while he was on the ground was unnecessary and excessive and an act of gross negligence.

33.

Defendants, Lowe, Spadoni, Brister, and Bordelon, knew or should have known that their conduct could or would have caused emotional and physical harm to Mr. Robinson.

34.

Petitioner further avers that all the defendants are liable for violation of Article I Section 5 of the Louisiana State Constitution, which establishes the rights of Louisiana citizens to be secure in their persons, property, and communications, houses, papers, and effects against unreasonable searches, seizures, or invasion of privacy.

35.

Petitioner avers that all defendants are persons for the purposes of 42 USC § 1983.

36.

Petitioner avers that all defendants are liable pursuant to 42 USC § 1983 for violations of Mr. Robinson's rights conferred upon him by the 4th and 14th Amendments of the Untied States Constitution, including but not limited to, the right to be free from unreasonable seizure and excessive force and defendants herein did violate these right owed to Mr. Robinson on May 10, 2018.

37.

The actions of defendants, Lowe, Spadoni, Brister, and Bordelon, described herein were done without justification and no basis in policy or reasonable standards. Their actions were intentionally calculated, and did cause serious physical and emotional pain and suffering and the eventual death of Mr. Robinson in violation and deprivation of his constitutional rights protected under 42 USC § 1983, the 4th and 14th Amendment of the U.S. Constitution including the right to be free of unreasonable seizures and the right to be free from the use of excessive and unjustified deadly force.

38.

Petitioner further avers that at no time pertinent hereto when defendants, Lowe, Spadoni, Brister, and Bordelon, chased and apprehended Mr. Robinson did he present an eminent threat of death or great bodily harm to these officers.

39.

As a result of the actions of all defendants herein, Petitioner, seeks damages, including but not limited to the following:

    a. Petitioner's loss of love, affection, society, consortium and services;

    b. Petitioner's mental anguish and anxiety;

    c. Emotional Distress;

    d. Loss of enjoyment of life;

    e. Loss of support;

    f. Loss of consortium; and

    g. And any and all other damages which may or will be proven at the trial of this matter.

40.

Petitioner requests a trial by jury on all issues so triable.

**WHEREFORE,** Petitioner prays that the Defendants be duly cited to appear and answer the Petition, that they be served with same and that after all due proceedings and legal delays, there be judgment against the Defendants jointly, severally and *in solido* in favor of Petitioner with interest thereon from the date of judicial demand and for reasonable attorney fees, for all costs of these proceedings and for all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**LAW OFFICE OF MICHAEL J. HALL, LLC**

s/Michael J. Hall
**MICHAEL J. HALL, LSBA (#28067) (T.A.)**
**JONIQUE M. HALL, LSBA (#28137)**
1010 Common Street, Ste. 2340
New Orleans, Louisiana 70119
Telephone: 504.383.5294
Facsimile: 504.309.4678
Email: mjhall@mjhalllaw.com
jhall@mjhalllaw.com

**PLEASE SERVE:**

Joseph Peter Lopinto, III, Sheriff
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

David Lowe
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

Jason Spadoni
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

Gary Bordelon
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, Louisiana 70057

ABC Insurance **(HOLD SERVICE)**