UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIWANDA ROBINSON | CIVIL ACTION |
| VERSUS | NO. 19-10327 |
| JOSEPH PETER LOPINTO, III, ET AL | SECTION "" ( ) |

ANSWER TO AMENDED COMPLAINT

**NOW INTO COURT,** come defendants, Joseph P. Lopinto, III, Sheriff of Jefferson Parish, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon, through undersigned counsel, who, in response to the Amended Complaint for Bystander Damages and Deprivation of Civil Rights filed herein by the plaintiff, respectfully aver as follows:

FIRST DEFENSE

The Complaint fails to state a claim against the defendants upon which relief can be granted.

SECOND DEFENSE

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

## THIRD DEFENSE

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

## FOURTH DEFENSE

The Court is without jurisdiction as to all claims asserted by the plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

## FIFTH DEFENSE

All of the acts and actions taken by the defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

## SIXTH DEFENSE

Defendants further submit that the claims of the plaintiff are frivolous, groundless and unreasonable and, as such, the defendants are entitled to an award against the plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

## SEVENTH DEFENSE

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## EIGHTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the plaintiff were the fault

of individuals and/or entities over whom the defendants have no control.

## NINTH DEFENSE

And now, defendants respond to the allegations of the plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1, as they pertain to the status of Joseph P. Lopinto, III, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon, are admitted; all other allegations are denied. Further answering, defendants aver that there is no legal entity capable of being sued known as the Jefferson Parish Sheriff's Office.

II.

The allegations contained in paragraph 2 are denied for lack of sufficient information upon which to justify a belief therein.

III.

The allegations contained in paragraph 3 are admitted for lack of sufficient information upon which to justify a belief therein.

IV.

The allegations contained in paragraph 4 are admitted.

V.

The allegations contained in paragraph 5 are denied for lack of sufficient information upon which to justify a belief therein.

VI.

The allegations contained in paragraph 6 are admitted.

VII.

The allegations contained in paragraph 7 are denied for lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations contained in paragraph 8 are denied.

IX.

The allegations contained in paragraph 9 are denied for lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in paragraph 10 are denied for lack of sufficient information upon which to justify a belief therein.

XI.

The allegations contained in paragraph 11 are denied for lack of sufficient information upon which to justify a belief therein.

XII.

The allegations contained in paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations contained in paragraph 13 are denied for lack of sufficient information upon which to justify a belief therein.

XIV.

The allegations contained in paragraph 14 are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations contained in paragraph 15 are denied for lack of sufficient information upon which to justify a belief therein.

XVI.

The allegations contained in paragraph 16 are denied for lack of sufficient information upon which to justify a belief therein.

XVII.

The allegations contained in paragraph 17 are denied.

XVIII.

The allegations contained in paragraph 18 are denied.

XIX.

The allegations contained in paragraph 19 are denied.

XX.

The allegations contained in paragraph 20 are denied.

XXI.

The allegations contained in paragraph 21 require no answer; however, in an abundance of caution, those allegations are denied.

XXII.

The allegations contained in paragraph 22 are admitted.

XXIII.

The allegations contained in paragraph 23 are admitted.

XXIV.

The allegations contained in paragraph 24 are denied for lack of sufficient information upon

which to justify a belief therein.

XXV.

The allegations contained in paragraph 25 are denied.

XXVI.

The allegations contained in paragraph 26 are denied.

XXVII.

The allegations contained in paragraph 27 are denied.

XXVIII.

The allegations contained in paragraph 28 are denied for lack of sufficient information upon which to justify a belief therein.

XXIX.

The allegations contained in paragraph 29 are denied.

XXX.

The allegations contained in paragraph 30 are denied.

XXXI.

The allegations contained in paragraph 31, as they pertain to the legal status of the defendants, are admitted; all other allegations are denied.

XXXII.

The allegations contained in paragraph 32 are denied.

XXXIII.

The allegations contained in paragraph 33 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIV.

The allegations contained in paragraph 34 are denied.

XXXV.

The allegations contained in paragraph 35 are admitted.

XXXVI.

The allegations contained in paragraph 36 are denied.

XXXVII.

The allegations contained in paragraph 37 are denied.

XXXVIII.

The allegations contained in paragraph 38 are denied.

XXXIX.

The allegations contained in paragraph 39 are denied for lack of sufficient information upon which to justify a belief therein.

XL.

The allegations contained in paragraph 40 require no answer; however, defendants also request trial by jury on all issues triable herein.

XLI.

That the sole and proximate cause of any damages and/or injuries sustained by the plaintiff in these proceedings were the actions and/or inactions of the decedent himself, Keeven Robinson, which actions and/or inactions are pled in bar of/reduction of any recovery by plaintiff herein.

XLII.

That all actions taken by any of the defendant deputies during the incidents complained of herein were taken in good faith, with probable cause, and without malice, entitling them to qualified immunity.

XLIII.

Further answering, defendants affirmatively plead all limitations of liability and/or immunities as provided for in federal or state law.

**WHEREFORE,** defendants, Joseph P. Lopinto, III, Sheriff of Jefferson Parish, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon, pray that this Answer be deemed good and sufficient and that after due proceedings are had, there be judgment herein in favor of defendants, Joseph P. Lopinto, III, Sheriff of Jefferson Parish, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon, and against the plaintiff, Kiwanda Robinson, dismissing the plaintiff's Complaint, with prejudice, and at plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
E-mail: danny@martinylaw.com
jeff@martinylaw.com

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendants, Joseph P. Lopinto, III, Sheriff of Jefferson Parish, David Lowe, Jason Spadoni, Justin Brister, and Gary Bordelon

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 15th day of August, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

                                               */s/ Daniel R. Martiny*
                                               DANIEL R. MARTINY (9012)